**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4667**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN MARK RICHARDSON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-90)

─────────────

Submitted:  July 27, 2005              Decided:  August 15, 2005

─────────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Mark Richardson pled guilty to being a felon in possession of a weapon under 18 U.S.C. § 922(g)(1) (2000). Both his plea agreement and plea hearing reveal that Richardson was informed that the Government considered him an armed career criminal under 18 U.S.C.A. § 924(e) (West Supp. 2005) and that his minimum sentence under the statute was fifteen years of imprisonment.

Counsel conceded at Richardson's sentencing hearing that the designation was proper but argued that the sentencing enhancement was invalid in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). The district court sentenced Richardson to 180 months of imprisonment, the mandatory minimum under § 924(e). Since Richardson's appeal, the Supreme Court has extended its decision in Blakely to federal criminal defendants. See United States v. Booker, 125 S. Ct. 738 (2005) (striking down the mandatory provisions of the Federal Sentencing Guidelines). On appeal, Richardson argues (1) that the sentence is invalid in light of Blakely and (2) that his criminal history, as calculated in his presentence report, is also invalid. For the reasons that follow, we affirm.

Richardson has preserved his Blakely arguments for appellate review. He first alleges that his armed career criminal designation does not survive Blakely. Richardson, however, does

not deny the fact of his five prior North Carolina convictions for "Felonious Robbery With a Dangerous Weapon" or that such convictions are a proper predicate for the armed career criminal enhancement he received. Because Richardson's fifteen-year sentence was mandated by statute, the then-mandatory sentencing guidelines did not affect his sentence. Accordingly, we find there is no error under Booker. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."). Moreover, we recently rejected the argument that a defendant's Sixth Amendment rights are violated under Booker when his sentence is statutorily enhanced under § 924(e). See United States v. Cheek, __ F.3d __, 2005 WL 1669398 (4th Cir. July 19, 2005) (No. 04-4445).

Second, Richardson alleges that his criminal history, as calculated in his presentence report, was erroneous in light of Blakely. This claim fails, however, as Richardson's sentence was not increased based on his criminal history. Rather, Richardson was sentenced to the mandatory minimum sentence under § 924(e).

Thus, we affirm Richardson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED