**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 04-4523**

─────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

BRIAN ANTONIO BURRELL,

                              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (CR-03-10095)

─────────

Submitted:  August 10, 2005          Decided:  August 23, 2005

─────────

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Henry S. Keuling-Stout, KEULING-STOUT, P.C., Big Stone Gap, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Antonio Burrell appeals his forty-six month sentence imposed after his plea of guilty to forcibly assaulting an employee or officer of the United States Government in violation of 18 U.S.C.A. § 111(a)(1) (West Supp. 2005). Burrell contends that the district court should not have treated him as a career offender under the U.S. Sentencing Guidelines, because he did not plead guilty to a "crime of violence." See U.S. Sentencing Guidelines Manual § 4B1.1(a)(2003). We agree with the district court that a conviction of "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing], or interfer[ing] with [a federal officer]," under § 111(a)(1), "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a). Accordingly, the district court did not err when it concluded that Burrell pleaded guilty to a crime of violence.

Burrell also urges us to hold that the manner in which the district court calculated his sentence violated the Sixth Amendment. See United States v. Booker, 125 S. Ct. 738 (2005) (holding that a district court violates the Sixth Amendment when, acting pursuant to the Sentencing Reform Act and the Guidelines, it imposes a sentence greater than the maximum authorized by the facts found by the jury or admitted by the defendant in a guilty plea). Because the district court relied on no facts, other than Burrell's

prior and instant convictions, when calculating Burrell's sentence under the Guidelines, Burrell's Sixth Amendment rights were not violated.  See Almendarez-Torres v. United States, 523 U.S. 224 (1998) (holding that the fact of a prior conviction need not be proven to a jury before it can be used to enhance a sentence); see also United States v. Cheek, 415 F.3d 349 (4th Cir. 2005). Accordingly, we affirm Burrell's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid our decisional process.

AFFIRMED