**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4300**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENYATTE BROWN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior District Judge. (CR-01-1109)

─────────────

Submitted:  August 10, 2005      Decided:  September 15, 2005

─────────────

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

John A. O'Leary, O'LEARY ASSOCIATES, P.A., Columbia, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenyatte Brown appeals his jury conviction and 262-month sentence for possession with intent to distribute less than five grams of cocaine base under 21 U.S.C. § 841(a)(1). The conviction was based upon an incident on November 21, 2000, when Officer Follin of the Sumter Police Department and a confidential informant purchased cocaine from Brown in an undercover drug buy. We affirm Brown's conviction and sentence.

Brown first contends that the district court erred by failing to suppress the identification of Brown by Officer Follin and by failing to adequately instruct the jury on the reliability of suggestive eyewitness identifications. Brown argues that Officer Follin's identification should have been suppressed because it was tainted by Officer Follin's initial identification of Brown. Brown argues the initial identification procedure was impermissibly suggestive because Officer Follin identified Brown by looking for Brown's name in a police department photograph book.

We apply a two-step test to determine whether identification testimony is admissible. "First, the defendant must establish that the photographic lineup procedure was impermissibly suggestive. . . . Second, even if the procedure was suggestive, the in-court identification is valid if it was reliable. . . . The factors the court may consider in measuring reliability include: (1) the witness' opportunity to view the perpetrator at the time of

the crime; (2) the witness' degree of attention at the time of the offense; (3) the accuracy of the witness' prior description of the perpetrator; (4) the witness' level of certainty when identifying the defendant as the perpetrator at the time of the confrontation; and (5) the length of time between the crime and the confrontation." United States v. Wilkerson, 84 F.3d 692, 694 (4th Cir. 1996). In essence, the court examines the totality of the circumstances surrounding the identification. United States v. Johnson, 114 F.3d 435, 441 (4th Cir. 1997).

Officer Follin did not use an impermissibly suggestive photographic line-up procedure. Aware of Brown's name and of Brown's appearance, Officer Follin simply turned to the photograph of Kenyatte Brown in the book and confirmed that it was the same person who sold the drugs to the confidential informant on November 21, 2000. Even if this court were to find that Officer Follin's identification of Brown was impermissibly suggestive, Officer Follin's identification of Brown as the drug dealer is reliable. First, the purchase occurred in the afternoon on a clear day and took less than a minute. The drug purchase was videotaped, and Brown's face was visible on the tape. Officer Follin viewed the videotape prior to picking Brown's picture out of the photograph book. Officer Follin also testified that during the drug buy, he observed Brown walk across the front of the vehicle Officer Follin and the confidential informant were traveling in and

stop at the passenger side window. Officer Follin's vision was not obscured, and Brown was not wearing a mask or other covering over his face. Second, Officer Follin testified that at the time of the drug sale, his attention was not focused on anything except Brown. Third, Officer Follin drafted a report of the purchase solely from his memory upon the completion of the controlled drug deal. In the report, Officer Follin described Brown as five foot eight and one hundred fifty pounds. Police records subsequently described Brown as five foot nine and one hundred sixty pounds. Fourth, the confidential informant stated to Officer Follin just prior to the drug sale "here is Kenyatte." After Officer Follin and the confidential informant completed the purchase, Officer Follin again asked the confidential informant who sold the drugs to them. The confidential informant responded Kenyatte and Keshawn Brown. Examining the totality of the circumstances surrounding Officer Follin's identification of Brown as the drug dealer, we find Officer Follin's identification of Brown sufficiently reliable.

We next consider whether the district court properly instructed the jury on eyewitness identifications. We review the district court's jury instructions for abuse of discretion. United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999). The district court instructed the jury that when evaluating eyewitness testimony, to consider factors such as the general credibility of the witness; the length of time that the witness observed the

- 4 -

defendant, including visibility and distance; the manner in which the defendant was presented to the witness; the witness's prior familiarity with the defendant; and the length of time between the incident and when the witness next identified the defendant. We reject Brown's argument because the district court's jury instruction adequately informed the jury on evaluating eyewitness identifications.

Brown also contends that the district court violated his Sixth Amendment rights by enhancing his sentence based on facts not found by the jury. See United States v. Booker, 125 S. Ct. 738 (2005). The district court enhanced Brown's sentence based on Brown's prior drug-related convictions. We find no merit in Brown's argument because "the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005).

For these reasons, we affirm Brown's conviction and sentence. We deny counsel's motion to be relieved as counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED