**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4472

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RASHARD KIMAKO WAGNER,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-04-853)

Submitted:  October 28, 2005        Decided:  November 15, 2005

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Jonathan S. Gasser, Acting United
States Attorney, Alston C. Badger, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rashard Kimako Wagner appeals his conviction and 262-month sentence following his plea of guilty for possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841 (2000); possession of a firearm in the furtherance of drug trafficking, in violation of 18 U.S.C. § 924 (2000); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922, 924 (2000).  Finding no reversible error, we affirm.

Wagner first claims on appeal that the district court erred in applying the career offender provision of the sentencing guidelines.  See U.S. Sentencing Guidelines Manual § 4B1.1 (2004). A district court violates the Sixth Amendment when, acting pursuant to the Sentencing Reform Act and the Guidelines, it imposes a sentence greater than the maximum authorized by the facts found by the jury or admitted by the defendant.  United States v. Booker, 125 S. Ct. 738, 746, 750 (2005).  The fact of a prior conviction, however, is an exception to this general rule and need not be proven to a jury beyond a reasonable doubt.  See Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); see also Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence . . . must be proved to a jury"); United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005) (rejecting challenge to validity of Almendarez-Torres).  Because application of the career offender

enhancement does not implicate the Sixth Amendment, we deny relief on this claim.

Wagner also claims the sentence imposed by the district court was unreasonable. We have reviewed the record and the factors considered by the district court pursuant to 18 U.S.C. § 3553 (2000), and find no evidence suggesting the sentence is unreasonable. Accordingly, this claim merits no relief.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>