**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4988**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO CAMPOS, a/k/a Eric Ramos,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Jerome B. Friedman, District Judge. (CR-03-60)

Submitted: January 4, 2006      Decided: January 24, 2006

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Bouchard, Chesapeake, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; Howard J. Zlotnick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

After a jury trial in July 2004, defendant Francisco Campos was found guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine and between 100 and 1000 kilograms of marijuana, and possession with intent to distribute 100 kilograms or more of marijuana. See 21 U.S.C. § 841(a) (2000). The district court concluded that under the relevant offense levels and criminal history, the appropriate sentencing range under the U.S. Sentencing Guidelines was 151 - 188 months. Campos, however, had a prior conviction in May 2001 in New Jersey for possession of more than fifty grams of marijuana. The government accordingly sought the twenty-year mandatory minimum sentence for persons with a "prior conviction for a felony drug offense." Id. §§ 841(b)(1)(A), 851(a)(1). The district court concluded that defendant's New Jersey conviction was for a "felony drug offense" because it was punishable by more than one year of imprisonment. See id. § 802(44); N.J. Stat. Ann. §§ 2C:35-10(a)(3), 2C:43-6. It thereafter sentenced Campos to the twenty-year mandatory minimum.

Campos first contends that the Sixth Amendment required a jury, rather than a judge, to determine that he had been previously convicted of a felony drug offense in New Jersey. We disagree. As we made clear in Cheek v. United States, 415 F.3d 349, 352-53 (4th Cir. 2005), it remains true after United States v. Booker, 125 S. Ct. 738 (2005), that proof of a prior conviction need not be

2

presented to a jury and proved beyond a reasonable doubt.  See also Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998).  This is especially the case where, as here, defendant objects only to the district court's purely legal finding that his state conviction constituted a "felony drug offense."  See 21 U.S.C. § 802(44) (defining "felony drug offense").

Campos next argues that the district court erred in holding that his New Jersey conviction was a "felony drug offense" within the meaning of § 841(b)(1)(A).  Section 802(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana . . . or depressant or stimulant substances."  21 U.S.C. § 802(44).  Campos was convicted in 2001 for possession of a controlled substance under a New Jersey statute with a maximum sentence of eighteen months in prison.  See N.J. Stat. Ann. §§ 2C:35-10(a)(3), 2C:43-6.  This was accordingly a "prior conviction for a felony drug offense" within the meaning of § 841(b)(1)(A).  That Campos was sentenced to less than one year in prison for his New Jersey conviction is immaterial, because § 802(44) refers to offenses "punishable" by more than one year imprisonment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED