**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4716**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL C. GARDENER,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (CR-03-191)

───────────

Submitted: January 25, 2006        Decided: February 13, 2006

───────────

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Holly A. Pierson, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Daniel C. Gardener appeals his fifty-seven month prison sentence resulting from his conviction for illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000).[*] Finding no reversible error, we affirm.

Gardener contends the indictment did not establish that he had a prior conviction under § 1326(b)(2). The indictment established the elements of § 1326(a), but only stated that he violated § 1326(b)(2) and did not describe that he had a drug trafficking conviction that was an aggravated felony. However, the Supreme Court has ruled that § 1326(b)(2) is a "penalty provision," not an element of the offense, and an underlying aggravated felony conviction need not be charged in the indictment. Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998); see also United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (Almendarez-Torres was not overruled by Apprendi v. New Jersey, 530 U.S. 466 (2000), or United States v. Booker, 543 U.S. 220 (2005)). Thus, we conclude the indictment sufficiently charged the illegal reentry prior conviction upon which Gardener's sentence was based.

Relying on Booker, Gardener also claims that the prior conviction was not proven beyond a reasonable doubt and his sentencing enhancement was improper. In Almendarez-Torres, the Supreme Court held that the government need not allege in its

[*]Gardener does not appeal his conviction.

- 2 -

indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. <u>Almendarez-Torres</u>, 523 U.S. at 233-36, 243-44. As a result, the district court did not err when it used Gardener's prior convictions to calculate his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>