Rehearing granted, December 13, 2006

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4043

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM GLENN CASTEVENS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (CR-04-268)

Submitted: March 8, 2006                 Decided: March 21, 2006

Before LUTTIG, WILLIAMS, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Glenn Castevens pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000).  He was sentenced to forty months in prison.  Castevens now appeals his sentence.  We affirm.


I

Following Castevens' conviction, a presentence report (psr) was prepared.  The base offense level was 20.  See U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2004).  After a three-level decrease for acceptance of responsibility, see USSG § 3E1.1(b), the total offense level was 17.  Castevens' criminal history category was IV, and his resulting guideline range was 37-46 months.

Castevens filed written objections to the psr.  He asserted that the calculation of his base offense level and his placement in criminal history category IV violated the Sixth Amendment under Blakely v. Washington, 542 U.S. 296 (2004).

At sentencing, Castevens abandoned his Blakely objection to the base offense level calculation.  The district court adopted the psr without change and sentenced Castevens to forty months in prison.  The court also calculated a "Blakely guideline range" of 21-27 months, based upon a total offense level of 12 and a criminal

history category of IV, and imposed an alternate <u>Blakely</u> sentence of twenty-four months.

II

On appeal, Castevens first claims that his placement in criminal history category IV violated the Sixth Amendment under <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), and <u>Blakely</u>. Our review is de novo. <u>See</u> <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003).

The Supreme Court in <u>Booker</u> reaffirmed the prior conviction exception of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). <u>Booker</u>, 125 S. Ct. at 756. That exception remains good law. We held after <u>Booker</u> that the Sixth Amendment does not require the fact of a conviction to be submitted to the jury or admitted by the defendant for it to serve as the basis of a sentence enhancement. <u>United States v. Cheek</u>, 415 F.3d 349, 352 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005). Furthermore, where, as here, the defendant does not dispute any facts related to his prior conviction, the district court's determination of the criminal history category does not violate the Sixth Amendment. <u>See</u> <u>Shepard v. United States</u>, 544 U.S. 13, ___, 125 S. Ct. 1254, 1263 (2005); <u>United States v. Thompson</u>, 421 F.3d 278, 285-86 (4th Cir. 2005), <u>cert. denied</u>, __ U.S. __, 2006 WL 521274 (U.S. Mar. 6, 2006) (No. 05-7266). Under these authorities, Castevens' placement

- 3 -

in criminal history category IV did not violate the Sixth Amendment.

### III

Castevens claims for the first time on appeal that the district court erred by treating the guidelines as mandatory rather than advisory, as Booker requires. This claim is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). Because there is no nonspeculative basis suggesting that the district court would have sentenced Castevens differently had the guidelines been treated as advisory, we conclude that the court's plain error did not affect Castevens' substantial rights, and we decline to recognize the error. See United States v. White, 405 F.3d 208, 224-25 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).[*]

### IV

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[*]The district court announced an alternate sentence, presuming that the base offense level of 20 might be an incorrect calculation under Blakely. The court determined that the offense level might be 12 and found that Castevens' guideline range in such a case would be 21-27 months. The court imposed an alternative sentence of twenty-four months. In imposing the alternative sentence, however, the court continued to treat the guidelines as mandatory rather than advisory. Thus, the alternative sentence in no way suggests that the court would have sentenced Castevens to a different sentence under an advisory guideline scheme.

- 4 -

the materials before the court and argument would not aid the decisional process.

AFFIRMED