PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

CECIL EUGENE CHEEK,
                    *Defendant-Appellant.*

No. 04-4445

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(CR-03-1061)

Argued: May 27, 2005

Decided: July 19, 2005

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Williams and Judge Shedd joined.

## COUNSEL

**ARGUED:** Michael Allen Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Mark C. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** J. Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

**OPINION**

NIEMEYER, Circuit Judge:

The issue on appeal is whether the enhancement of a criminal defendant's sentence on the basis of three previous convictions violates his Sixth Amendment rights when the prior convictions were not alleged in the indictment or admitted by the defendant during his plea colloquy. We conclude that the defendant's Sixth Amendment rights were not so violated and accordingly affirm. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005) (reaffirming *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and holding that under the Sixth Amendment, the fact of a prior conviction need not be submitted to the jury or admitted by the defendant for it to serve as the basis for a sentence enhancement).

I

Pursuant to his guilty plea, Cecil Eugene Cheek was convicted in South Carolina of possessing marijuana with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 924(e). The district court sentenced Cheek to 190 months' imprisonment, employing the Armed Career Criminal Act, 18 U.S.C. § 924(e), and its corresponding provision in the Sentencing Guidelines, U.S.S.G. § 4B1.4, to enhance Cheek's sentence beyond the maximum of the otherwise applicable sentencing range, because Cheek was a recidivist who had been convicted of at least three prior qualifying offenses.* The record shows, and the district court took judicial notice, that Cheek had previously been convicted in South Carolina state court of possession with intent to distribute marijuana (1981); assault and battery of a high and

---

*Section 924(e) enhances the sentence for a violation of § 922(g) to a term of imprisonment of not less than 15 years when the defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Section 4B1.4 of the Sentencing Guidelines correspondingly increases the defendant's offense level and criminal history category.

aggravated nature (1990); four counts of distribution of marijuana (1994); and possession with intent to distribute marijuana (2001). Cheek does not challenge the existence of his prior convictions or their qualification as predicate offenses under § 924(e).

## II

On appeal, Cheek contends for the first time that since the fact of his prior qualifying offenses was not alleged in the indictment to which he pleaded guilty, his Sixth Amendment rights were violated when his sentence was enhanced based on that fact. More specifically, Cheek argues that the Sixth Amendment "requires that facts which increase [his] sentence above the statutory maximum be pled in an indictment and submitted to a jury for proof beyond a reasonable doubt" and that this requirement "appl[ies] to prior convictions used to enhance a sentence under a recidivist statute." While he acknowledges that in *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998), the Supreme Court held that the Constitution does not require the government to plead the fact of a prior conviction in the indictment, he maintains that the holding in *Almendarez-Torres*, even though not since overruled, was called into question in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See id.* at 521 (Thomas, J., concurring). Cheek argues that "[e]ven though *Almendarez-Torres* remains intact, a valid argument exists that *Apprendi* applies to sentencing pursuant to a recidivist statute, and that *Blakely* [*v. Washington*, 124 S. Ct. 2531 (2004),] has extended *Apprendi* to require that the fact of a defendant's prior convictions . . . be pled in an indictment and proved to a jury beyond a reasonable doubt." Cheek claims that "it is only a matter of time before the United States Supreme Court revisits and overrules its holding in *Almendarez-Torres*" and that therefore we should treat his prior convictions as elements of the offense under the Armed Career Criminal Act. Of course, to succeed, Cheek must demonstrate plain error. *See* Fed. R. Crim. P. 52(b).

In *Almendarez-Torres*, an alien pleaded guilty to having been found in the United States after being deported, in violation of 8 U.S.C. § 1326(a). 523 U.S. at 227. That violation subjected Almendarez-Torres to a maximum term of imprisonment of two years. Section 1326(b), however, extends the maximum term of imprisonment to 20 years if the prior "removal was subsequent to a

conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). Almendarez-Torres admitted that his earlier deportation had taken place pursuant to three prior convictions for aggravated felonies, but he argued that since his indictment had made no mention of the earlier convictions, he could only be sentenced to a maximum of two years. 523 U.S. at 227. The Supreme Court rejected that argument, concluding that the Sixth Amendment did not require that the fact of prior convictions be treated as an element of Almendarez-Torres' offense. The Court explained that recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," *id.* at 243, and "that recidivism 'does not relate to the commission of the offense, but goes to the punishment only,'" *id.* at 244 (quoting *Graham v. West Virginia*, 224 U.S. 616, 629 (1912)) (emphasis omitted). The Court concluded that "to hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a long-standing tradition of treating recidivism as 'go[ing] to the punishment only.'" *Id.* (quoting *Graham*, 224 U.S. at 629).

Two terms later, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court addressed the question of whether a factual determination under a New Jersey "hate crime" statute authorizing an increase in the maximum prison sentence for an underlying state firearm offense was required by the Constitution to be made by a jury on the basis of proof beyond a reasonable doubt. *See id.* at 469. Answering that question in the affirmative, the Court established the rule that "[*o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added). Reaffirming its holding in *Almendarez-Torres*, the Court explained that *Almendarez-Torres* "represents at best an exceptional departure from the historic practice" of applying due process and Sixth Amendment protections to determinations extending the length of a defendant's sentence beyond the maximum of the statutory range. *Id.* at 487. The need for such protections was diminished in *Almendarez-Torres*, the Court continued, because of "the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that 'fact' in his case." *Id.* at 488. Differentiating the New Jersey "hate crime" law from recidivism-based enhancements, the Court

stated that while "recidivism 'does not relate to the commission of the offense' itself, New Jersey's biased purpose inquiry goes precisely to what happened in the 'commission of the offense.'" *Id.* at 496 (quoting *Almendarez-Torres*, 523 U.S. at 244). The Court explained:

> [T]here is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

*Id.*

Finally this year, the Supreme Court again reaffirmed the *Almendarez-Torres* exception for recidivism-based enhancements in sentencing. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005) ("reaffirming [its] holding in *Apprendi*" and incorporating the *Almendarez-Torres* recidivism exception); *cf. Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005) (addressing the scope of the recidivism exception).

It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt. Even were we to agree with Cheek's prognostication that it is only a matter of time before the Supreme Court overrules *Almendarez-Torres*, we are not free to overrule or ignore the Supreme Court's precedents. *See State Oil Co. v. Kahn*, 522 U.S. 3, 20 (1997) ("[I]t is [the Supreme] Court's prerogative alone to overrule one of its precedents"). This is so even if it appears that "'changes in judicial doctrine' [have] significantly undermined" a prior holding. *United States v. Hatter*, 532 U.S. 557, 567 (2001) (quoting *Hatter v. United States*, 64 F.3d 647, 650 (Fed. Cir. 1995)); *see also Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989).

### III

Moreover, several sound reasons may explain why the *Almendarez-Torres* recidivism exception has not been overruled.

*First*, recidivism involves the *status* of a defendant as a repeat offender based on *past* convictions and not the offense being tried before the court. *See Oyler v. Boles*, 368 U.S. 448, 452 (1962). Indeed, recidivism would generally be irrelevant to the conduct being tried, as it results only in a more severe punishment for a defendant who is a habitual offender. As the Supreme Court observed in *Almendarez-Torres*, proof of the fact of a prior conviction is not necessary to establish that the defendant's conduct failed to conform with the prescriptive language of the criminal statute at hand, but rather is "distinct" and "does not relate to the commission of the offense." 523 U.S. at 244 (quoting *Graham*, 224 U.S. at 629) (internal quotation marks omitted).

*Second*, and related to the first point, a prior conviction has already been determined in accordance with the safeguards of due process and the Sixth Amendment and need not be subjected to a jury for a second time. *See Jones v. United States*, 526 U.S. 227, 249 (1999) (distinguishing recidivism on this basis). As a product of our judicial administration, the fact of conviction is of record and needs only to be judicially noticed or otherwise summarily demonstrated to the court to become part of the sentencing proceedings. *Cf. Shepard*, 125 S. Ct. at 1263 (limiting judicial notice of a prior conviction when the fact of a prior conviction or its qualification as a predicate offense is disputed).

*Third*, if prior convictions were generally made elements of criminal offenses, the introduction of a prior conviction at trial could unfairly prejudice the defendant. *See Old Chief v. United States*, 519 U.S. 172, 191 (1997); *Spencer v. Texas*, 385 U.S. 554, 560 (1967). Yet, the government has a legitimate interest, apart from punishing a defendant for a particular offense, in having habitual criminals punished more severely during the sentencing process. As the Supreme Court has noted:

> States have a valid interest in deterring and segregating habitual criminals. We have said before that a charge under a recidivism statute does not state a separate offense, but goes to punishment only. And we have repeatedly upheld recidivism statutes "against contentions that they violate constitutional strictures dealing with double jeopardy, *ex*

*post facto* laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities."

*Parke v. Raley*, 506 U.S. 20, 27 (1992) (citations omitted).

And *fourth*, it has been the longstanding custom for over 200 years to treat recidivism as a sentencing factor, and not as an element of the instant offense. *See Jones*, 526 U.S. at 249 (noting "the tradition of regarding recidivism as a sentencing factor"); *Almendarez-Torres*, 523 U.S. at 243 (referring to recidivism as "the most traditional" basis for a sentencing enhancement); *Parke*, 506 U.S. at 26 (noting that recidivism statutes have had "a long tradition in this country that dates back to colonial times"); *see also Oyler*, 368 U.S. at 451 & n.5; *Graham*, 224 U.S. at 629.

It is thus abundantly clear that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt. Accordingly, we affirm.

*AFFIRMED*