**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4563**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VICTOR GLEN WILKES,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-145)

―――――――――

Submitted:  September 30, 2005        Decided:  October 31, 2005

―――――――――

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Victor Glen Wilkes appeals his conviction for possession of a firearm and ammunition as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000).  Wilkes asserts that the district court erred in considering his prior convictions as part of the sentencing calculus, when those convictions were not found by a jury beyond a reasonable doubt, and that the court erred in its imposition of a mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000) ("ACCA"), because it impermissibly determined that his prior convictions occurred on different occasions.  Finding no error, we affirm.

This court reviews for plain error when, as here, a defendant does not object on the grounds of Blakely v. Washington, 542 U.S. 296 (2004), or the subsequent decision in United States v. Booker, 125 S. Ct. 738 (2005), in the district court.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005); see Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993).  To establish plain error, a defendant must show that:  (1) the court erred; (2) the error was obvious under the law at the time of review; and (3) the error affected substantial rights; that is, the error affected the outcome of the proceedings.  Johnson v. United States, 520 U.S. 461, 467 (1997).  Even if all three elements are established, relief will be granted only if the error seriously

affects the fairness, integrity, or public reputation of the proceedings.  <u>Olano</u>, 507 U.S. at 732.

Wilkes contends that <u>Blakely</u> calls into question the Supreme Court's earlier decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and argues that prior convictions may not be used in the calculation of his sentence when those convictions have not been found by the jury beyond a reasonable doubt.  This court rejected this argument in <u>United States v. Cheek</u>, 415 F.3d 349 (4th Cir. 2005), stating that "the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt."  415 F.3d at 352.  Accordingly, Wilkes cannot demonstrate plain error on this ground.

We affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>