**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4871**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

KENNETH LEE BROWN,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District
Judge.  (CR-04-27)

———————

Submitted:  September 30, 2005      Decided:  November 2, 2005

———————

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Jonathan S. Gasser, Acting United
States Attorney, E. Jean Howard, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kenneth Lee Brown appeals from the judgment of the district court convicting him, after a jury trial, of two counts of armed bank robbery and two counts of use of a firearm in a crime of violence, and sentencing him to 746 months' imprisonment. Finding no reversible error, we affirm.

Brown first claims on appeal that the district court denied him his Sixth Amendment right to self-representation and his related right to counsel of his choosing. Our review of the record discloses that Brown repeatedly complained he was not prepared for trial and was not satisfied with his attorney. However, we find nothing in the record demonstrating that Brown either sought to represent himself or requested substitute counsel. Moreover, to the extent his protestations could be construed as such requests, they were not timely made. Accordingly, we conclude the district court did not abuse its discretion in proceeding with Brown's trial in the face of his objection. See United States v. Singleton, 107 F.3d 1091 (4th Cir. 1997).

Brown also claims the district court erred in instructing the jury pursuant to Allen v. United States, 164 U.S. 492 (1896). For an Allen charge to be proper, it must not coerce the jury, and it must be fair, neutral, and balanced. United States v. Cropp, 127 F.3d 354, 359-60 (4th Cir. 1997). We have reviewed the

- 2 -

district court's instruction and find no error. Accordingly, we deny this claim.

Brown also asserts the district court's imposition of sentence violated his Sixth Amendment right to trial by jury based on the application of the career offender enhancement under a mandatory guidelines scheme. In United States v. Booker, 125 S. Ct. 738 (2005), the United States Supreme Court reaffirmed the distinction between facts that must be proven to a jury and prior convictions, which need not. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence . . . must be proved to a jury."). The determination of Brown's status as a career offender does not offend the Sixth Amendment. See United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding that Sixth Amendment not violated when sentence enhanced based on prior convictions that were not charged in indictment or admitted by defendant). Moreover, absent an indicia of prejudice, Brown cannot prevail on a claim that a per se application of the mandatory guidelines violated his Sixth Amendment rights. See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005). Our review of the sentencing transcript discloses no such prejudice. Accordingly, we deny this claim.

Finally, Brown seeks to file a pro se supplemental brief and an addendum to that brief, in which he raises numerous counts of ineffective assistance of counsel, as well as prosecutorial

misconduct and constructive amendment of the indictment. Because Brown is represented by counsel, and because his ineffective assistance claims are more appropriately addressed through a motion under 28 U.S.C. § 2255 (2000), we decline to address the supplemental claims in this direct appeal. Accordingly, we deny Brown's motions to file a pro se supplemental brief and second supplemental pro se brief.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED