**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4351**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD STEVEN KEEN,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-04-204)

―――――――――

Submitted: December 22, 2005          Decided:  December 28, 2005

―――――――――

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Richard Steven Keen pled guilty to possession of a firearm by a convicted felon and possession of stolen firearms, 18 U.S.C. § 922(g)(1), (j) (2000). He was sentenced as an armed career criminal to the statutory minimum sentence of fifteen years imprisonment. 18 U.S.C. § 924(e) (2000). Keen appeals his sentence, arguing that the district court's determination that he was an armed career criminal violated his Fifth Amendment right to have facts that increase the maximum sentence alleged in the indictment, and violated his Sixth Amendment right to have such facts submitted to a jury. We affirm.

Keen preserved the issue he raises on appeal by objecting to his armed career criminal status under Blakely v. Washington, 542 U.S. 296 (2004). However, he did not dispute in the district court that he had three prior convictions for breaking and entering and one conviction for arson, all committed on different occasions. Keen's argument on appeal is foreclosed by United States v. Thompson, 421 F.3d 278, 282-83 (4th Cir. 2005) (holding that sentencing court may impose § 924(e) sentence relying on prior convictions neither charged nor admitted if facts necessary to support enhancement are inherent in fact of convictions and no additional fact finding is necessary), petition for cert. filed, Oct. 25, 2005 (No. 05-7266). Keene also challenges the continued validity of Almendarez-Torres v. United States, 523 U.S. 224

(1998).  Our precedents similarly preclude this challenge to his sentence.  <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349, 350-51 (4th Cir.) (holding that armed career criminal enhancement falls within exception for prior convictions where facts were undisputed), <u>cert. denied</u>, 126 S. Ct. 640 (2005).

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>