**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4009**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIS LOUIS ALSTON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-04-209)

---

Submitted:  December 30, 2005          Decided:  February 7, 2006

---

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Michael A.
DeFranco, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Willis Louis Alston pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000).  Alston's sentencing range under the U.S. Sentencing Guidelines Manual (2003) was 135 to 168 months in prison.  However, the district court found that Alston qualified as an armed career criminal based on three prior convictions for drug offenses punishable by more than a year in prison.  Because the statutory minimum sentence of fifteen years under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e)(1) (West 2000 & Supp. 2005),[1] was greater than the guideline range, the district court sentenced Alston to 180 months in prison.  Alston timely appealed.

The sole issue on appeal is whether the district court violated the Sixth Amendment by sentencing Alston as an armed career criminal because his prior offenses were not admitted by Alston or submitted to a jury.[2]  Because Alston preserved his Sixth Amendment challenge by objecting to the presentence report based upon Blakely v. Washington, 542 U.S. 296 (2004), this court's review is de novo.  United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).  When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this

---

[1]A person who violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another" is an armed career criminal subject to enhanced penalties.  18 U.S.C.A. § 924(e)(1); USSG § 4B1.4 (2003).

[2]Alston does not challenge the validity of his prior convictions.

constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Mackins, 315 F.3d at 405 (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir.) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)), cert. denied, 126 S. Ct. 668 (2005).

In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. at ___, 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 543 U.S. at ___, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court). The Supreme Court also reaffirmed its prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

<u>Booker</u>, 543 U.S. at \_\_\_, 125 S. Ct. at 756 (Stevens, J., opinion of the Court).

Alston contends that, under <u>Blakely</u> and <u>Booker</u>, the district court violated his Sixth Amendment rights by relying on his prior convictions when those convictions were not admitted by him or submitted to a jury. We conclude, however, that his claim is foreclosed by <u>United States v. Thompson</u>, 421 F.3d 278, 283-86 (4th Cir. 2005) (holding that nature and occasion of offenses are facts inherent in convictions and those facts need not be alleged in indictment or submitted to jury), <u>petition for cert. filed</u>, \_\_\_ U.S.L.W. \_\_\_ (U.S. Oct. 25, 2005) (No. 05-7266), and <u>United States v. Cheek</u>, 415 F.3d 349, 350-51 (4th Cir.) (holding that application of armed career criminal enhancement falls within exception for prior convictions where facts were undisputed, making it unnecessary to engage in further fact finding about a prior conviction), <u>cert. denied</u>, 126 S. Ct. 640 (2005). We therefore find no Sixth Amendment error in this case.

Accordingly, we affirm Alston's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>