**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4675

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY BURGESS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-83)

Submitted:  January 25, 2006          Decided:  March 1, 2006

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Burgess appeals his 135-month sentence following his guilty plea, pursuant to a plea agreement, to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). We affirm.

On appeal, Burgess first argues that his designation as an armed career criminal for sentencing purposes violates the Sixth Amendment as set forth in Blakely v. Washington, 542 U.S. 296 (2004). His argument is foreclosed by this court's decision in United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), pet. for cert. filed, __ U.S.L.W. __ (U.S. Oct. 25, 2005) (No. 05-7266). Burgess does not dispute he has at least three prior convictions qualifying as "violent felonies" and that they were "committed on occasions different from one another." See 18 U.S.C. § 924(e) (2000). Because the facts necessary to support the enhancement under USSG § 4B1.4(b)(3)(B) "inhere in the fact of conviction," there is no error under Blakely, United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), or their progeny. See Thompson, 421 F.3d at 283, 287 & n.5; see also United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that the armed career criminal designation based on prior convictions does not violate Booker), cert. denied, 126 S. Ct. 640 (2005).

Burgess also claims that the calculation of his criminal history category violates the Sixth Amendment under Blakely. This

- 2 -

argument is foreclosed by the Supreme Court's decision in <u>Booker</u> where the Court applied <u>Blakely</u> to the federal sentencing guidelines stating, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 756.

Accordingly, we affirm Burgess' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>