**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4164**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LAMONT HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-02-59)

Submitted: March 15, 2006          Decided: March 29, 2006

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frederick H. Marsh, HILL, TUCKER & MARSH, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Kelli H. Ferry, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Lamont Hill appeals the district court's judgment on remand, finding Hill failed to provide evidence to challenge the validity of the information contained in the Government's notice pursuant to 21 U.S.C. § 851 (2000), that the Government's notice was adequate and met § 851 requirements, and sentencing Hill as a career criminal under § 851 to life in prison on Counts One and Two, 360 months' imprisonment on Counts Three and Four, and 96 months' imprisonment on Count Six, to run concurrently, and 84 months of imprisonment on Count Five to run consecutively. On appeal, Hill challenges the constitutionality of § 851 after United States v. Booker, 543 U.S. 220 (2005), because § 851 allows the Government to increase the maximum punishment without proving the facts supporting the increase to a jury beyond a reasonable doubt or alleging those facts in an indictment. Hill also challenges the constitutionality of § 851(e), which precludes a defendant from challenging a prior conviction that is more than five years old. See 21 U.S.C. § 851(e).

First, we find Hill's allegation that § 851 is unconstitutional foreclosed by the prior conviction exception discussed in Almendarez-Torres v. United States, 523 U.S. 224 (1998), which was reaffirmed by the Supreme Court in Booker. 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by

the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); United States v. Cheek, 415 F.3d 349 (4th Cir. 2005).

Next, Hill argues that the statute of limitations provision in § 851(e) that precludes a defendant from challenging the validity of a prior conviction used to enhance a sentence if the conviction is over five years old is unconstitutional. We find Hill's argument without merit. See Custis v. United States, 511 U.S. 485 (1994).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED