**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4392**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID A. BLACKWOOD,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-
04-216)

_____

Submitted:  January 18, 2006          Decided:  April 6, 2006

_____

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Franklin W. Draper, Assistant
Federal Public Defender, Lauren E. Case, Staff Attorney, OFFICE OF
THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Philip S. Jackson,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

On August 16, 2004, David Blackwood pleaded guilty to one count of illegally re-entering the United States after having been previously deported, in violation of 8 U.S.C. § 1326. Although § 1326(a) provides a two-year maximum term of imprisonment for this offense, § 1326(b)(2) increases this maximum to twenty years when the alien was previously removed subsequent to a conviction for an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(B). After finding that Blackwood had been removed subsequent to a conviction for an aggravated felony -- specifically, a 1992 federal felony narcotics conviction -- the district court sentenced Blackwood to 70 months' imprisonment.

On appeal of his sentence, Blackwood argues that because the indictment in the instant case did not specifically charge, and he did not admit, the prior conviction on which the court based the sentencing enhancement, a sentence in excess of two years violated his Sixth Amendment rights. Recognizing that this claim is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), he argues that that case is no longer good law because it has been undercut by later cases.

The Supreme Court has not only failed to overturn Almendarez-Torres, it has specifically recognized its continuing force in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and in United States v. Booker, 125 S. Ct. 738, 756 (2005). This court

recently addressed the continuing vitality of <u>Almendarez-Torres</u> in <u>United States v. Cheek</u>, 415 F.3d 349, 352 (4th Cir. 2005), and held, "It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." We decline Blackwood's invitation to revisit this decision and affirm.

<u>AFFIRMED</u>