**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4725**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYAN RAY SIMMONS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-04-107)

———————

Submitted: May 17, 2006            Decided: June 7, 2006

———————

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Vidalia V. Patterson, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bryan Ray Simmons appeals the 180-month sentence imposed after he pleaded guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. §§ 922(g), 924 (2000). The district court concluded that Simmons qualified for sentencing as an armed career criminal pursuant to 18 U.S.C. § 924(e) (2000), and sentenced him to the mandatory minimum term of imprisonment.

On appeal, Simmons asserts that his sentence violates the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2005), because his sentence was enhanced based upon facts, his qualifying prior convictions, that were not alleged in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. Simmons does not assert that his prior convictions are not valid predicates for sentencing as an armed career criminal, but states only a legal challenge to his sentence.

In United States v. Cheek, 415 F.3d 349 (4th Cir. 2005), we considered and rejected an argument identical to Simmons' contentions on appeal. We concluded:

> It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt. Even were we to agree with Cheek's prognostication that it is only a matter of time before the Supreme Court overrules Almendarez-Torres, we are not

- 2 -

free to overrule or ignore the Supreme Court's precedents.

Cheek, 415 F.3d at 352-53. Simmons' argument that this court should revisit its holding in United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), is without merit, as a panel of this court may not overrule a prior published decision of the court. See United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999).

We therefore affirm Simmons' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the courts and argument would not aid the decisional process.

AFFIRMED