**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4188**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO JAVIER FERREIRA, a/k/a Javier
Santana,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, District
Judge. (1:05-cr-00224-WLO)

Submitted: August 9, 2006       Decided: September 6, 2006

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nils E. Gerber, Winston-Salem, North Carolina, for Appellant. Anna
Mills Wagoner, United States Attorney, Angela H. Miller, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Francisco Javier Ferreira pled guilty to one count of reentry of a deported alien felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Ferreira appeals, challenging the sixty-five-month prison sentence imposed by the district court. We affirm.

Ferreira first asserts that the district court violated his Sixth Amendment rights by applying a sixteen-level enhancement based upon his prior conviction of a crime of violence because that offense was neither charged in the superseding indictment nor admitted by him. Ferreira concedes that the Supreme Court ruled in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that § 1326(b)(2) is a penalty provision, not an element of the offense which must be charged in the indictment and proven beyond a reasonable doubt. In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, he urges us to reexamine our conclusion that Almendarez-Torres is still good law. See United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005). However, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

Ferreira also argues that his sentence is unreasonable, asserting that the district court erred by applying a sixteen-level

- 2 -

enhancement to his offense level.  In determining a sentence, the court must calculate and consider the guideline range, as well as the sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).  United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable."  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court properly calculated Ferreira's guideline range to include a sixteen-level enhancement under USSG § 2L1.2(b)(1)(A)(ii) because Ferreira was previously deported after his 1992 New York conviction for attempted robbery in the second degree.  Ferreira's sentence also is within the twenty-year statutory maximum.  See 8 U.S.C. § 1326(b)(2).  We therefore find that the sentence is reasonable.

Accordingly, we affirm Ferreira's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED