**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 06-4569**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT LEE RAY,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:05-cr-00217-BO)

─────────

Submitted:  November 20, 2006       Decided:  December 13, 2006

─────────

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Ray was sentenced to 180 months in prison upon his guilty plea to being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2000).  He now appeals his sentence, claiming that his sentence as an armed career criminal violates the Sixth Amendment because the predicate convictions were neither charged in the indictment nor admitted.  This argument fails under controlling Circuit precedent.  We have held that prior convictions used as the basis for an armed career criminal sentence need not be charged in the indictment, admitted by the defendant during the plea colloquy, or proven to a jury beyond a reasonable doubt.  United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005), cert. denied, 126 S. Ct. 640 (2005).  We therefore affirm the sentence.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We decline Ray's invitation to reconsider the continued validity of Almendarez-Torres v. United States, 523 U.S. 224 (1998), which we previously found to remain viable after Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny.  See United States v. Thompson, 421 F.3d 278, 281-83 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006).