**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5196**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAMONTE ARNELL GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Chief District Judge. (CR-05-84)

Submitted: March 22, 2007          Decided: March 28, 2007

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury found Shamonte Arnell Green guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). The district court, after finding that Green had used the firearm to commit two murders and other crimes, sentenced Green to life imprisonment. Green raises several challenges to his conviction and sentence. We affirm.

I.

Green first argues that the district court erred in denying his motion to suppress the gun that he was convicted of possessing. When examining the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Holmes, 376 F.3d 270, 273 (4th Cir. 2004).

After reviewing the record, we can only conclude that the district court properly rejected the suppression motion. Police officers observed Green waiting in the back of a restaurant parking lot, speaking to the passenger of a white box van, while glancing up and down the road, apparently looking for someone. After the white van pulled away, the police saw another person drive into the lot, leave his car, and hand Green a shoebox. Green took the shoebox and then entered the driver's side of another car parked in the lot. The officers acted with reasonable suspicion in then

approaching Green as he sat in the car. Upon doing so, the officers saw a bag of marijuana on Green's lap; this observation provided them with probable cause to arrest Green. When, after his arrest, the officers searched Green at the station house, the search was lawful as incident to arrest, especially given that Green had told the officers that he had a pistol on his person immediately before the search.

## II.

Green also contends that the district court erred in denying his request to be jointly represented at sentencing by his federal defender and his state defense attorneys. Because Green did not object to the denial of this request before the district court, we review for plain error. Even if the district court erred by denying this motion (which we doubt), such error was certainly not "plain." Green cites no authority that would have required the district court to grant his request.

## III.

Green next challenges the district court's application of the cross reference in § 2K2.1(c) of the United States Sentencing Guidelines Manual. Applying that provision, the court found that Green used the designated firearm to commit two first-degree murders and one felony assault with intent to kill, and increased

3

his sentence accordingly.  Green argues that application of the cross-reference violated his Sixth Amendment rights and was predicated on clearly erroneous factual findings.

Green's Sixth Amendment argument fails.  Because the Guidelines are advisory after United States v. Booker, 543 U.S. 220 (2005), the district court could increase Green's Guidelines range on the basis of facts not found by the jury without running afoul of the Sixth Amendment.  See United States v. Moreland, 437 F.3d 424 (4th Cir. 2006).

We review a sentencing court's factual findings for clear error.  United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007). After reviewing the record, we conclude that the district court's factual findings were not clearly erroneous.


IV.

Lastly, Green argues that his Sixth Amendment rights were violated when the district court sentenced him as an armed career criminal even though his predicate offenses were neither charged in the indictment nor found by the jury.  We rejected this precise argument in United States v. Cheek, 415 F.3d 349, 349 (4th Cir. 2005), and so deny Green's claim.

V.

For the reasons stated above, the judgment of the district court is

AFFIRMED.