**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4744**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELIAS ECHEVERRIA-MENDEZ, a/k/a Francisco
Javier Tiznado-Partida, a/k/a Martin Pineda,
a/k/a Juan Lopez Pineda, a/k/a Elias
Echevarria, a/k/a Elilas Mendez Echevarria,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville. Richard L. Voorhees,
District Judge. (5:03-cr-00048-1)

Submitted: March 29, 2007          Decided: April 3, 2007

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bryan Gates, Winston-Salem, North Carolina, for Appellant.
Gretchen C.F. Shappert, United States Attorney, Charlotte, North
Carolina, Amy E. Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elias Echeverria-Mendez pled guilty to eight counts of a superseding indictment, which charged him with drug trafficking, money laundering, and alien re-entry offenses. The district court sentenced him to 360 months imprisonment on the controlled substance offenses, and 240 months on the money laundering and illegal re-entry convictions, all to run concurrent with each other. On appeal Echeverria-Mendez argues that his sentence was unlawfully enhanced based on prior convictions.[*]

In <u>United States v. Cheek</u>, 415 F.3d 349 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005), we considered and rejected an argument identical to that which Echeverria-Mendez raises on appeal. We concluded:

> It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt. Even were we to agree with Cheek's prognostication that it is only a matter of time before the Supreme Court overrules <u>Almendarez-Torres [v. United States</u>, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998)], we are not free to overrule or ignore the Supreme Court's precedents.

---

[*]We note that this argument relates only to the 240-month sentence imposed on Echeverria-Mendez's conviction for illegal re-entry. His offense level for that crime was increased by sixteen levels based on his prior conviction. His 360-month sentences for the drug trafficking crimes were based only on the applicable drug quantities.

<u>Cheek</u>, 415 F.3d at 352-53; <u>see</u> <u>Rodriguez de Quijas v. Shearson/Am.</u> <u>Express, Inc.</u>, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

We therefore affirm Echeverria-Mendez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>