**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4641**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY WILLIAMS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, District Judge.  (CR-04-51)

─────────────

Submitted:  July 16, 2007          Decided:  August 6, 2007

─────────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Monica L. Dillon, Special Assistant United States Attorney, Beckley, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Williams pled guilty to a superseding indictment charging him with possession of contraband (marijuana) in prison in violation of 18 U.S.C. § 1791(a)(2) (2000). He was sentenced to twelve months of imprisonment based on a properly-calculated Sentencing Guidelines range of six to twelve months. In his original brief, Williams objects to the fact that his prior convictions, which were not admitted by him, were used to increase his criminal history under the Guidelines, which ultimately increased his sentence. Williams alleges that this usage violates the Sixth Amendment and the Supreme Court's opinions in Almendarez-Torres v. United States, 523 U.S. 224 (1998), and Blakely v. Washington, 542 U.S. 296 (2004). We have rejected this claim. United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

After Williams filed his initial brief, the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005). We ordered additional briefing in light of Booker. In his supplemental brief, Williams concedes that he cannot show that the district court plainly erred by sentencing him under the then-mandatory Sentencing Guidelines, because he cannot show he was prejudiced thereby, e.g. he cannot show that being sentenced under the pre-Booker mandatory Guidelines affected the outcome of his sentence. Thus, he has failed to demonstrate reversible error.

See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005) (discussing Booker plain error review).

Accordingly, we affirm Williams' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED