**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-5268**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAURICE ELLIOTT COX,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Louise W. Flanagan,
Chief District Judge.  (5:06-cr-00034-FL)

───────────

Submitted: October 24, 2007          Decided: January 28, 2008

───────────

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Diana Pereira, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant. George
E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi
Rangarajan, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Elliott Cox appeals his 180-month sentence imposed following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 924(g)(1) (2000). Cox was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000) ("ACCA"). On appeal, Cox contends his sentence violates the Sixth Amendment. Finding no error, we affirm.

Cox argues that the sentence imposed by the district court violated Blakely v. Washington, 542 U.S. 296 (2004), because he was neither charged with the predicate convictions underpinning his sentence as an armed career criminal, nor did he admit to them. Secondly, he argues that the specific findings necessary to trigger the armed career criminal enhancement, namely whether a defendant's predicate offenses were violent felonies or serious drug offenses and were committed on different occasions, should not be determined by relying on information in judicial records, but rather should be determined by a jury. Cox's first argument is foreclosed by Shepherd v. United States, 544 U.S. 13, 20 (2005), in which the Supreme Court held that a district court may rely on the fact of a prior conviction for sentencing purposes. See also United States v. Cheek, 415 F.3d 349, 354 (4th Cir. 2005). Cox's second argument is foreclosed by United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005), cert. denied, 547 U.S. 2005 (2006), in which this court

found that the nature of a particular offense as a violent felony and the date of a conviction are inherent in the conviction itself and conclusive judicial records. <u>Id.</u> at 284 n.4, 286. Further, because one panel of this court may not overrule another, we decline Cox's invitation to overrule <u>Thompson</u>. <u>See</u> <u>United States v. Ruhe</u>, 191 F.3d 376, 388 (4th Cir. 1999). We therefore find no error in the district court's classification of Cox as an armed career criminal.

Accordingly, we affirm Cox's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>