**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4892

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES WILLIAM GASTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00087-RJC)

Submitted:  July 31, 2008          Decided:  August 4, 2008

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant.  Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James William Gaston was convicted, following a jury trial, of conspiracy to possess with intent to distribute cocaine and cocaine base, three counts of possession with intent to distribute cocaine base, and possession of a firearm by a convicted felon. Based on his prior convictions for either violent or drug trafficking felonies, as noticed by the 21 U.S.C. § 851 (2000) information filed by the government, Gaston was found to be an armed career criminal. The district court imposed a life sentence as mandated by 21 U.S.C. §§ 841(b)(1)(A), 851 (2000). Gaston appeals his sentence, arguing that his constitutional rights were violated because his sentence was increased based on a prior conviction not alleged in the indictment, found by the jury, or stipulated to by him. We affirm.

Gaston concedes that the Supreme Court ruled, in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the penalty provision of a statute enhancing a sentence based on recidivism is not an element of the crime and prior convictions need not be alleged in the indictment and found by the jury. However, he contends that Almendarez-Torres was called into question by the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny and should no longer be considered binding precedent. Although Apprendi expressed some uncertainty regarding the future vitality of Almendarez-Torres, we

- 2 -

subsequently concluded that <u>Almendarez-Torres</u> was not overruled by <u>Apprendi</u>, and remains the law. <u>United States v. Sterling</u>, 283 F.3d 216, 220 (4th Cir. 2002); <u>see also</u> <u>United States v. Cheek</u>, 415 F.3d 349, 352-53 (4th Cir. 2005) (reaffirming continuing validity of <u>Almendarez-Torres</u> after <u>United States v. Booker</u>, 543 U.S. 220 (2005)). We therefore conclude that Gaston's claim is without merit. Moreover, as this court noted in <u>Cheek</u>, even if we were to agree with Gaston's forecast that the Supreme Court will overrule <u>Almendarez-Torres</u>, "we are not free to overrule or ignore the Supreme Court's precedents." <u>Cheek</u>, 415 F.3d at 352-53 (citing <u>State Oil Co. v. Khan</u>, 522 U.S. 3, 20 (1997) ("[I]t is [the Supreme] Court's prerogative alone to overrule one of its precedents.")).

Accordingly, we affirm Gaston's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>