**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4992**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BRYANT KELLY PRIDE, a/k/a Bryan Kelly Pride,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:07-cr-00020-jpj)

───────────

Submitted:  February 25, 2009      Decided:  March 17, 2009

───────────

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryant Kelly Pride was convicted following a jury trial of possession with intent to distribute fifty grams or more of cocaine base. Based on his prior felony convictions for drug offenses, Pride was sentenced to the statutory mandatory sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii) (2006). Pride appeals, arguing that the district court erred in denying his motion for a continuance based on the Government's late disclosure of impeachment evidence, and that the district court erred in imposing an enhanced sentence based on prior convictions not alleged in the indictment or proved to the jury beyond a reasonable doubt. We affirm.

Pride's conviction was based on a controlled transaction arranged through a confidential informant. When Pride arrived at the arranged meeting place, he was arrested. Drugs, digital scales and money, including pre-recorded buy money, were found in the car Pride arrived in and Pride surrendered additional cocaine to the police. Just before trial, Pride moved for a continuance because Pride's counsel learned from the prosecutor on the evening before trial that during a prior controlled transaction with a different target, the confidential informant had attempted to retain a portion of the drugs she purchased. Pride's counsel argued that a

2

continuance was necessary to explore these circumstances. The court denied the motion, ruling that, in view of the fact that the Government would not call the informant as a witness, the delay in disclosing the impeaching information was not prejudicial.

We review a district court's denial of a motion for a continuance for abuse of discretion. United States v. Williams, 445 F.3d 724, 738-39 (4th Cir. 2006). "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks and citation omitted).

Our review of the record leads us to conclude there was no abuse of discretion. The jury was not required to assess the informant's credibility because she did not testify. Nor did the delay deprive Pride of an adequate opportunity to use the information at trial, as demonstrated by counsel's effective cross-examination of a law enforcement witness during which he argued that the informant was unreliable. Finally, the evidence against Pride was overwhelming and he cannot establish that if the information had been disclosed earlier, there is a "reasonable probability" of a different result. See Kyles v. Whitley, 514 U.S. 419, 433 (1995).

Next, relying on the Supreme Court's holding in <u>Jones v. United States</u>, 526 U.S. 227, 232 (1999), that elements of an offense must be charged in the indictment and proved beyond a reasonable doubt, Pride contends that, because his prior convictions were not charged in the indictment or proved to a jury beyond a reasonable doubt, the district court erred in imposing an enhanced sentence of life imprisonment. Pride's claim fails because the Supreme Court specifically excepted prior convictions when it held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). See <u>United States v. Cheek</u>, 415 F.3d 349, 352 (4th Cir. 2005) (noting that the "exception for recidivism-based enhancements in sentencing" was reaffirmed in <u>United States v. Booker</u>, 543 U.S. 220 (2005)).

Accordingly, we affirm Pride's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4