<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4168**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER D. BURRESS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (CR-03-24)

———————

Submitted:  March 27, 2006          Decided:  April 18, 2006

———————

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Herbert L. Hively, II, Hurricane, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roger Burress pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Burress to 210 months' imprisonment. This sentence was within the statutorily prescribed range, see 18 U.S.C. § 924(e)(1) (2000) (prescribing range of fifteen years' to life imprisonment), and represented the bottom of the range provided for by the advisory sentencing guidelines. Burress appeals, asserting in his counseled brief that the sentence was unreasonable. Further, Burress has filed a pro se motion for leave to file a supplemental brief and to remove his counsel from representation.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. Further, we have stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on

the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005); see also United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006).

Here, the record indicates that the district court properly calculated the guideline range, applied the guidelines as advisory, and considered the § 3553(a) factors. Furthermore, we conclude the sentence was reasonable. See Green, 436 F.3d at 455-56 (stating that a sentence imposed within the properly-calculated sentencing guidelines range is presumptively reasonable).

We grant Burress' motion for leave to file a pro se supplemental brief. Upon review, we reject his claim that the Government breached the plea agreement because the record belies this assertion. Moreover, his challenge to his sentence under the armed career criminal provision of the guidelines, and his constitutional challenge to 18 U.S.C. § 924(e), are without legal foundation. See, e.g., United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005). We decline to consider his ineffective assistance of counsel claim. Such claims are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate

development of the record, a defendant must bring his claim in a motion under 28 U.S.C. § 2255 (2000).  See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).  An exception exists when the record conclusively establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  We find no basis here for an exception to the general rule.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED