**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5149**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT JOSEPH MCDONALD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, District Judge.  (CR-04-92)

Submitted:  June 28, 2006          Decided:  July 26, 2006

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles M. Henter, DAVIDSON & KITZMANN, Charlottesville, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Joseph McDonald pled guilty to conspiracy to distribute in excess of 1.5 kilograms of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and was sentenced to 235 months in prison. McDonald appeals his sentence. We affirm.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the sentencing range prescribed by the sentencing guidelines, which are now advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. We will affirm a post-Booker sentence if it falls within the statutorily prescribed range and is reasonable. Id. at 546-47. A sentence that falls within the correctly determined guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).*

At sentencing, the district court stated that it had read McDonald's Bench Memorandum Regarding Sentencing. The court heard

---

*We reject McDonald's request that we find that this presumption of reasonableness violates Booker. Similarly, we reject McDonald's claim of a Sixth Amendment violation based on a jury's not having found facts pertaining to his past criminal conduct. See United States v. Cheek, 415 F.3d 349, 352 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

argument from counsel and stated that it had considered the § 3553(a) factors. The court sentenced McDonald within the statutorily prescribed range, <u>see</u> 21 U.S.C. § 841(b)(1)(A) (West 1999 & Supp. 2006), and further correctly calculated McDonald's guideline range. We therefore conclude that the sentence imposed is reasonable.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>