**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5195**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EARL ADAMS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-05-8)

---

Submitted: August 3, 2006                     Decided: August 17, 2006

---

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael R. Ramos, RAMOS AND LEWIS, L.L.P., Shallotte, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury found James Earl Adams guilty of possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced Adams to 252 months of imprisonment. Adams now appeals.

Adams first argues that the district court erred in denying his motion to suppress based upon its finding that the police had reasonable suspicion to conduct a limited search of his person. See Terry v. Ohio, 392 U.S. 1, 30 (1968). We review the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). We construe the evidence in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Having thoroughly considered all of the evidence under these standards, we conclude that the district court did not err in denying Adams' motion to suppress.

Adams next argues that the district court erred by denying his motion for a judgment of acquittal pursuant to Fed. R. Civ. P. 29. We review the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to

2

support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

The elements of a violation of 18 U.S.C. § 922(g)(1) are: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting interstate commerce, because the firearm had travelled [sic] in interstate or foreign commerce. . . ." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). On the record before us, we conclude that there is ample evidence to support the jury's verdict.

Finally, Adams argues that the district court erred by admitting evidence of his seven prior felony convictions and submitting this question to the jury. To establish a violation of 18 U.S.C. § 922(g)(1), the Government was required to prove beyond a reasonable doubt that "the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year." United States v. Gilbert, 430 F.3d 215, 218 (4th Cir. 2005). Adams refused to stipulate to having been previously convicted of any felonies. A special verdict form was provided to the jury to determine whether Adams had been convicted of each of

3

his seven prior convictions.  Although the Sixth Amendment does not demand that the fact of a prior conviction used as a basis for a sentencing enhancement be submitted to the jury, see United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005), it was not unfairly prejudicial for the district court to submit this question to the jury.  Thus, we find no reversible error.

Accordingly, we affirm Adams' conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED