**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 06-4428**

────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

FRANKIE LANE DOCTOR, SR., a/k/a Nose,

                              Defendant - Appellant.

────────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., Chief
District Judge.  (3:05-cr-00681-JFA)

────────────

Submitted:  October 27, 2006        Decided:  November 27, 2006

────────────

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

────────────

Affirmed by unpublished per curiam opinion.

────────────

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. Reginald I. Lloyd, United States Attorney, Stacey D.
Haynes, Assistant United States Attorney, Columbia, South Carolina,
for Appellee.

────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Frankie Lane Doctor, Sr., was found guilty of one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (2000) and possession of a quantity of cocaine base (lesser included offense), in violation of 21 U.S.C. § 844 (2000). The district court designated Doctor an armed career offender and sentenced him, pursuant to the Armed Career Criminal Act ("ACCA"), to a 262-month term of imprisonment, five years of supervised release, $125 special assessment, and a mandatory minimum fine of $1000. On appeal, Doctor argues that the district court improperly sentenced him as an armed career criminal because the Government failed to properly plead and prove enhancing factors.

Doctor does not dispute the fact of his prior convictions or the sentences he received. The fact of a prior conviction need not be proven beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 233-36 (1998); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of Almendarez-Torres after United States v. Booker, 543 U.S. 220 (2005)), cert. denied, 126 S. Ct. 640 (2005). Thus, the district court was not required to make any factual findings concerning Doctor's prior record at the time of the instant offense, but could rely on the "conclusive significance" of the record, see Shepard v. United States, 544 U.S. 13, 25 (2005), as set out in the

- 2 -

presentence report. Moreover, this court has concluded a determination that a defendant is eligible for sentencing under the ACCA may be based on a judge's determination that the predicate convictions are for violent felonies or drug trafficking crimes if the qualifying facts are inherent in the predicate convictions and the court is not required to perform additional fact finding. United States v. Thompson, 421 F.3d 278, 282-83 (4th Cir. 2005). We conclude that the district court was not required to engage in additional fact finding. Additional pleading and proof regarding the facts surrounding each of the predicate convictions would not have assisted the district court in determining that each qualified as a violent felony under the ACCA, as the qualifying facts are inherent in each of Doctor's predicate convictions. Therefore, we find that the district court properly sentenced Doctor under the ACCA.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED