**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4690

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN VICTOR THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry F. Floyd, District Judge. (8:05-cr-00521-HFF)

Submitted: December 4, 2006      Decided: December 20, 2006

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Hervery B. O. Young, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Reginald L. Lloyd, United States Attorney, A. Lance Crick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Victor Thompson appeals the sentence imposed for his conviction on charges that he was a felon in possession of a firearm or ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). The defendant argues that the term of imprisonment imposed was procedurally and substantively unreasonable. We affirm, because the defendant was sentenced to the minimum prison term authorized by law for an offender designated an armed career criminal under 18 U.S.C. § 924(e).

I.

When law enforcement officers went to the defendant's home in Easley, South Carolina in order to arrest him for drug offenses on September 16, 2004, they searched the home and found a .44-caliber pistol and six .44-caliber bullets. Thompson had previously been convicted of burglary in 1980, for which he served 18 months; the robbery of a Wisconsin credit union in 1985; and bank robbery and armed bank robbery for raids upon the same Wisconsin credit union in 1986. As a result, after officers recovered the gun, the defendant was charged with being a felon in possession of a firearm or ammunition under 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (2000 & Supp. 2004).

Thompson pled guilty to this charge on February 6, 2006. He was represented by counsel. At the sentencing hearing, the court told the defendant that the mandatory minimum term of imprisonment would be fifteen years. The court said that the maximum penalty would be life imprisonment, a fine of up to $250,000, and a term of supervised release of not more than five years in addition to any term of imprisonment, as well as a special assessment of $100. The defendant said that he understood the penalty. The court explained that it would treat the Federal Sentencing Guidelines as advisory and consider the factors in 18 U.S.C. § 3553(a) in determining a reasonable sentence. The defendant said he understood. On April 6, 2006, the United States Probation Office prepared a presentence investigative report, which included the defendant's criminal history, and noted that because the defendant had three previous convictions for violent felonies committed on separate occasions, federal law required imprisonment for no less than fifteen years. Thompson did not raise any objections to the report.

On May 17, 2006, the district court held a sentencing hearing. In keeping with his remarks at the plea hearing, the judge found that Thompson's prior convictions rendered him subject to the Armed Career Criminal Act penalty provisions in 18 U.S.C. § 924(e) and that as a result, the court was required to

3

impose a sentence of at least fifteen years in prison.  The court sentenced Thompson to the statutory minimum imprisonment term of fifteen years, to be followed by a five-year term of supervised release.   The court said that in imposing its sentence it considered the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a).  Thompson filed this timely appeal.

## II.

Federal law sets forth minimum sentences applicable to any armed career criminal convicted of being a felon in possession of a firearm or ammunition under 18 U.S.C. § 922(g).  If an individual who violates 18 U.S.C. § 922(g) has three previous convictions

> for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (2000 & Supp. 2004).  The term "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year" that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion,

4

involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." id. § 924(e)(2)(B) (2000).

The fifteen-year term of imprisonment that the defendant challenges was required by these provisions. A judge may determine the fact of a prior conviction, even if an offender is subjected to a higher minimum sentence as a result. Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005). The district court in this case determined that the defendant had three prior offenses triggering the fifteen-year minimum, and the defendant does not dispute the judge's determination. As a result, the district court was required by federal law to impose a fifteen-year term. Nothing in United States v. Booker, which held that the Federal Sentencing Guidelines are advisory, requires or even permits judges to impose sentences below the statutory minimums Congress established. 543 U.S. 220 (2005). To the extent that the defendant also challenges his term of supervised release, which he does not directly discuss in his argument, we find no basis to disturb the five years imposed, which lies within the statutory and guidelines ranges and was imposed after consideration of the factors set forth in 18 U.S.C. § 3553(a).

5

The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED