**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5128**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY H. WALDEN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-04-39)

Submitted:  January 12, 2007        Decided:  February 5, 2007

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John C. Hunter, JOHN C. HUNTER LAW FIRM, PLLC, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy H. Walden pled guilty without a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000); and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841 (2000). After finding Walden qualified as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2004), the district court sentenced Walden to 262 months' imprisonment. Walden appeals, claiming the district court erred in sentencing him as a career offender.[1] Finding no error, we affirm.

We review "legal questions, including the interpretation of the guidelines, de novo, while factual findings are reviewed for clear error." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A defendant is a career offender if he was at least eighteen years old when the instant offense was committed, the instant offense is a felony and is either a crime of violence or a drug offense, and he has at least two prior felony convictions for crimes of violence or drug offenses. See USSG § 4B1.1.

Prior to sentencing, Walden filed written objections to the presence report, contending two February 2000 state court convictions for possession with intent to manufacture, sell, or

---

[1]Walden does not challenge his convictions on appeal.

deliver cocaine were consolidated and should have been counted as a single conviction for sentencing purposes.  At the sentencing hearing, however, Walden's counsel acknowledged these were separate offenses for which Walden received consecutive sentences.  Counsel requested the district court to sentence Walden with a variance below the sentencing guidelines range, maintaining Walden was not aware until reading the presentence report that he had been convicted on separate state court drug charges.[2]

"[T]he Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt."  United States v. Cheek, 415 F.3d 349, 354 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).  Sixth Amendment protections apply only to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record."  Shepard v. United States, 544 U.S. 13, 25-26 (2005).  Walden's prior record established, and Walden acknowledged at sentencing, that he had two convictions for drug offenses.  Therefore, the district court's conclusion that Walden was a career offender was proper.

_____

[2]The district court sentenced Walden at the bottom of the sentencing guidelines range.  On appeal, Walden does not contend, in the event the guidelines range was properly calculated, that this sentence was unreasonable.

- 3 -

Accordingly, we affirm Walden's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED