**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4609

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMARA ANTONIO COX,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:05-cr-00215-D)

Submitted:  March 30, 2007          Decided:  April 16, 2007

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramara Antonio Cox pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court determined that Cox satisfied the requirements for enhancement under the Armed Career Criminal Act (ACCA) and sentenced him to 180 months in prison. We affirm.

On appeal, Cox contends that the evidence was insufficient to establish that his prior convictions were violent felonies under the ACCA. Because Cox raises this issue for the first time on appeal, our review is for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

Cox argues that the district court's reliance on the presentence report (PSR) was erroneous because it neither detailed the documents used in its creation nor specified the state statute at issue. However, we previously determined that a district court is entitled to rely on a presentence report that "bears the earmarks of derivation from Shepard[*]-approved sources." United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006). Here, the PSR states that Cox was convicted of breaking and entering four residences and one senior center and stealing various items from each location. Because this

---

[*]Shepard v. United States, 544 U.S. 13 (2005).

information is of the type found in approved sources, it does not plainly appear that the district court erred by relying on the PSR.

Further, it is readily ascertainable from the PSR that Cox was convicted under N.C. Gen. Stat. § 14-54, the state statute proscribing breaking and entering buildings. Because we have previously determined that a violation of § 14-54 constitutes a violent felony for ACCA purposes, see Thompson, 421 F.3d at 284-85, the convictions were properly used as ACCA predicate offenses. Therefore, we conclude that Cox has failed to establish that the district court's reliance on the PSR was plain error.

Cox also contends that his sentence is unconstitutional after Blakely v. Washington, 542 U.S. 296 (2004), because it was enhanced based on prior convictions that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Although Cox preserved this issue, his argument is foreclosed by controlling precedent. In United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005), we held that prior convictions used as a basis for ACCA enhancement need not be charged in the indictment or established beyond a reasonable doubt.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

AFFIRMED