**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4851**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALAN SYLVESTER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (1:04-cr-00156-JFM)

———————————

Submitted: May 30, 2007                    Decided:  July 9, 2007

———————————

Before WILLIAMS, Chief Judge, TRAXLER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Fred Warren Bennett, Gary E. Bair, BENNETT & BAIR, LLP, Greenbelt, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Richard C. Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Sylvester appeals his conviction and sentence for conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). As a result of his conviction and prior criminal history, Sylvester received a mandatory sentence of life in prison pursuant to 21 U.S.C. § 841(b)(1)(A) (2000). On appeal, Sylvester contends that: (1) the district court erred in refusing to strike a juror for cause; (2) the district court erred by admitting testimony regarding events outside of the period charged in the indictment; (3) the district court plainly erred by incorrectly instructing the jury as to the charged dates of the conspiracy; (4) his life sentence constitutes cruel and unusual punishment under the Eighth Amendment; and (5) the district court erred by increasing his sentence based on prior convictions that had not been proven to the jury beyond a reasonable doubt. Finding no error, we affirm.

I

Sylvester contends that the district court should have dismissed juror 163 for cause after that juror disclosed that his stepdaughter was on probation for possession of crack cocaine. A trial judge's decision on whether to remove a juror for cause will not be overruled except for a "manifest abuse of discretion." Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989). A district court's determination to excuse a juror for cause is entitled to

"special deference." Patton v. Yount, 467 U.S. 1025, 1038 (1984). The critical issue in deciding a challenge for cause is whether the juror "could be fair and impartial and decide the case on the facts and law presented." United States v. Capers, 61 F.3d 1100, 1105 (4th Cir. 1995). A challenge to a juror for cause is usually limited to demonstrations of actual bias, with the doctrine of implied bias applying only to "extreme situations" where the circumstances make it highly unlikely that the average person could remain impartial. United States v. Turner, 389 F.3d 111, 117 (4th Cir. 2004).

Sylvester first argues that this court should adopt a per se rule of disqualification when a juror or close family member has been convicted of the same crime as the one at issue in the trial. However, this court has noted its resistance to "manage jury selection from the court of appeals through promulgating rules of automatic disqualification." Turner, 389 F.3d at 115. Sylvester has failed to present a persuasive argument that a per se rule of disqualification should now be crafted by this court.

Even without a per se rule, Sylvester contends it was clear that the juror could not be impartial, as the juror was at first unsure as to his own impartiality and there was a "very strong likelihood of implied bias" under the circumstances. However, this assertion is not supported by the record, as the juror simply answered "I don't think [so]" when the district court

inquired as to whether his impartiality would be affected. When the juror was subsequently asked if he had any question as to whether he could be fair and impartial, he unequivocally answered "no." In light of the juror's answers, the district court did not abuse its discretion in seating the juror.

II

Sylvester next asserts that the district court erred by admitting testimony regarding criminal acts that occurred outside of the period charged in the indictment. A district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) is reviewed for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Rule 404(b) is inclusive, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. Queen, 132 F.3d at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Queen, 132 F.3d at 997.

At trial, Sylvester objected to testimony provided by Kevin Miller, who stated that he had taught Sylvester how to manufacture crack cocaine, and that he personally saw Sylvester cook crack cocaine at some point in 2000 or 2001. The district court allowed the testimony to be admitted into evidence, concluding that the statements related to Sylvester's "knowledge." Sylvester contends that Miller's statements constituted evidence of prior bad acts under Fed. R. Evid. 404(b) that were not relevant to an element of the offense. Sylvester notes that the indictment charged him with being involved in a drug conspiracy that occurred between June 2002 and June 2003, but that Miller's testimony regarded events that occurred, at the latest, in 2001. Sylvester contends that Miller's testimony was not relevant or necessary to demonstrate knowledge, and that, in fact, knowledge was not in dispute.

Despite Sylvester's claim that knowledge was not disputed in this case, there is no evidence in the record to support such an assertion. Knowledge and intent are "clearly elements which the prosecution must establish to prove a conspiracy to violate 21 U.S.C. § 841(a)(1)," and Sylvester placed these elements at issue by entering a plea of not guilty. United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991). Additionally, the extrinsic act evidence was relevant to the charged offense. Miller's testimony corroborated the accounts provided by other witnesses and was

directly relevant to Sylvester's knowledge regarding the manufacturing of crack cocaine for sale, which was an integral element of the conspiracy charge in this case. See Mark, 943 F.2d at 448; see also United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). We conclude that the evidence was both relevant and necessary, and the district court did not err in admitting the testimony under Rule 404(b).[*]

III

On appeal, Sylvester challenges for the first time the district court's instructions to the jury at the close of his case regarding the length of the conspiracy. The court erroneously stated that the charged conspiracy was alleged "to have lasted at least from [o]n or about June 2000 and continuously thereafter up to and including June 2003." When no objection is made to a jury instruction, this court reviews the claim for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Four conditions must be met before this court will notice

_____

[*]Sylvester also claims that he was unfairly prejudiced by the admission of this testimony, as there was no limiting instruction and the district court incorrectly stated during jury instructions that the conspiracy was charged as having begun in June 2000. While the district court does not appear to have given a limiting instruction, the court did tell the jury in its closing instructions that Sylvester was "not on trial for any act or conduct not alleged in the indictment." Additionally, as explained infra, the district court's misstatement as to the dates of the conspiracy does not amount to plain error, and any prejudice that did result has not been shown to outweigh the probative value of Miller's testimony.

plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id. at 733-37.

Both Sylvester and the Government agree that while no objection was lodged at the time of the instructions, there was an error by the trial court. However, Sylvester has failed to carry his burden in demonstrating that this error affected the outcome of the proceedings. Olano, 507 U.S. at 734. The court provided the jury with a copy of the indictment that provided the correct dates, and the jury was given accurate information as to the temporal scope of the conspiracy at other points during the trial. Therefore, Sylvester has failed to demonstrate that the district court plainly erred by its isolated misstatement regarding the relevant dates of the conspiracy.

IV

Sylvester argues that his sentence of life imprisonment without the possibility of parole under 21 U.S.C. § 841(b)(1)(A) violated his Eighth Amendment right against cruel and unusual punishment. In determining whether a sentence is proportional to the offense, three factors are considered: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed

on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. United States v. Kratsas, 45 F.3d 63, 66 (4th Cir. 1995) (quoting Solem v. Helm, 463 U.S. 277, 292 (1983)).

Despite Sylvester's arguments to the contrary, we find that his sentence is not constitutionally disproportionate. Sylvester was not simply a drug user, but rather was part of an interstate drug distribution network that brought cocaine in from New York in order to produce crack cocaine for sale in Maryland. Additionally, Sylvester received a mandatory life sentence not only because of the large drug quantity involved, but also because he was a repeat offender, with two prior felony drug convictions on his record. Based on these factors, Sylvester was subject to a mandatory life sentence; however, "the mere fact that the life sentence was mandatorily imposed does not render it 'cruel and unusual.'" Kratsas, 45 F.3d at 69. As to the second and third prongs of the Solem test, this court has previously held that a life sentence for a major drug violation is not disproportionate in comparison with other sentences under the Guidelines or sentences imposed by states within this Circuit. See id. at 68; see also United States v. D'Anjou, 16 F.3d 604, 613 (4th Cir. 1994). Therefore, we find that Sylvester's sentence is not constitutionally disproportionate to his crimes.

V

Sylvester's final argument is that the district court violated his Sixth Amendment rights by basing his sentence on prior convictions that were not determined by the jury beyond a reasonable doubt. However, the fact of a prior conviction need not be proven beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of Almendarez-Torres after United States v. Booker, 543 U.S. 220 (2005)), cert. denied, 126 S. Ct. 640 (2005). Additionally, this court has ruled that the nature and occasion of prior offenses are facts inherent in the convictions and that the government is not required to allege prior convictions in the indictment or submit proof of them to a jury. See United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005). Therefore, we hold that the district court did not err in using Sylvester's prior convictions in calculating his sentence.

Accordingly, we affirm Sylvester's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 9 -