**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4749**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY COLEMAN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad, Jr.,
Chief District Judge.  (3:05-cr-00048)

———————

Submitted:  July 23, 2007            Decided:  August 16, 2007

———————

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte, North
Carolina, Amy E. Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Coleman pled guilty to unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922 (g)(1), 924(e) (2000), and was sentenced to 180 months in prison. On appeal, Coleman claims that his classification as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000) ("ACCA"), is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), because the classification was imposed based on prior convictions that were neither alleged in the indictment nor admitted by him. Finding no error, we affirm.

Coleman's argument fails under controlling circuit precedent. See United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005), cert. denied, 547 U.S. 1005 (2006) (holding that the indictment need not reference or list the prior convictions underlying the enhancement); see also United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005) (holding that prior convictions used as basis for armed career criminal sentence need not be charged in indictment or proven beyond a reasonable doubt).

Although Coleman admits the district court sentenced him in compliance with Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), he asserts that application of the ACCA enhancement is unconstitutional because "additional fact-finding by the sentencing court increased the statutory maximum penalty faced

by [him]" in violation of <u>Blakely</u>. Though many defendants have argued that the prior conviction exception set forth in <u>Almendarez-Torres</u> may no longer be good law, <u>see</u> <u>Shepard v. United States</u>, 544 U.S. 13, 26-28 (2005) (Thomas, J., concurring), <u>Booker</u> clearly maintained the prior conviction exception. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence . . . must be proved to a jury . . . ."). While a sentencing judge is not permitted to resolve disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record," <u>Shepard</u>, 544 U.S. at 25, a determination that a defendant is eligible for sentencing under the ACCA may be based on a judge's determination that the predicate convictions are for violent felonies or drug trafficking crimes if the qualifying facts are inherent in the predicate convictions and the court is not required to perform additional fact finding. <u>See</u> <u>Thompson</u>, 421 F.3d at 282-83; <u>see also</u> <u>Cheek</u>, 415 F.3d at 354 (holding that, under the Sixth Amendment, the fact of a prior conviction need not be submitted to the jury or admitted by the defendant for it to serve as the basis for a sentence enhancement).

Accordingly, we affirm Coleman's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED