**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4030**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REY ROJAS DELAMOS, a/k/a Rojas Delamos, a/k/a
Reynaldo Jajas Delalama,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:06-cr-00122-BR)

———————————

Submitted:  September 19, 2007      Decided:  October 22, 2007

———————————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Banumathi Rangarajan, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Rey Rojas DeLamos in a single count indictment with illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326 (2000). DeLamos pled guilty. He now appeals the ninety—six—month prison term imposed by the district court. We affirm.

DeLamos argues that the district court improperly sentenced him to a term exceeding two years under 8 U.S.C. § 1326(b) (2000) because his prior aggravated felony conviction was not charged in the indictment and proved beyond a reasonable doubt. Under § 1326(a), an alien who illegally returns to the United States after being removed may be imprisoned for up to two years. However, § 1326(b)(2) provides that if the alien's "removal was subsequent to an aggravated felony," he faces a maximum prison term of twenty years; if the alien was deported after conviction of a non-aggravated felony, the maximum sentence is ten years under § 1326(b)(1).

DeLamos concedes that the Supreme Court ruled in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that § 1326(b) is a penalty provision, not an element of the offense which must be charged in the indictment and proven beyond a reasonable doubt. However, he contends that Almendarez-Torres was called into question by the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny and should no longer be considered binding precedent. Although Apprendi expressed some uncertainty regarding the future vitality of

Almendarez-Torres, we have subsequently concluded that Almendarez-Torres was not overruled by Apprendi, and remains the law. See United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.), cert. denied, 546 U.S. 1010 (2005). We therefore conclude that DeLamos' claim is without merit.

Accordingly, we affirm DeLamos' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED