**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4701**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YPHUONG KPA,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00403-WLO)

———————

Submitted:  January 10, 2008      Decided:  February 29, 2008

———————

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

C. Scott Holmes, BROCK, PAYNE & MEECE, P.A., Durham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yphuong Kpa appeals the 205-month sentence he received following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court determined that Kpa had been previously convicted of three or more serious drug offenses or violent felonies and therefore qualified as an armed career criminal under 18 U.S.C. § 924(e) (2000). On appeal, Kpa contends that the district court violated the Double Jeopardy Clause by imposing an enhanced sentence pursuant to the Armed Career Criminal Act. Finding no error, we affirm.

While recognizing that recidivist statutes have been upheld as posing no double jeopardy conflict and that prior convictions are not required to be found by a jury, Kpa contends that these principles have been "eroded" by recent Supreme Court rulings. Accordingly, Kpa asks this court to reconsider whether convictions that enhance punishment are elements of the crime that must be included in an indictment and determined by a jury. Furthermore, Kpa contends that if prior convictions were held to be elements of the charged offense, it would require a reevaluation of our double jeopardy jurisprudence with respect to recidivist statutes.

However, as Kpa concedes, his claims are foreclosed by Supreme Court and Fourth Circuit precedent. In <u>United States v.</u>

<u>Presley</u>, 52 F.3d 64, 68 (4th Cir. 1995), this court held that the Armed Career Criminal Act does not violate the Double Jeopardy Clause. Furthermore, the fact of a prior conviction need not be proven beyond a reasonable doubt. <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 233-36, 243-44 (1998); <u>see also</u> <u>United States v. Cheek</u>, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of <u>Almendarez-Torres</u> after <u>United States v. Booker</u>, 543 U.S. 220 (2005)), <u>cert. denied</u>, 546 U.S. 1010 (2005). This court has ruled that the nature and occasion of prior offenses are facts inherent in the convictions and that the Government is not required to allege prior convictions in the indictment or submit proof of them to a jury. <u>See</u> <u>United States v. Thompson</u>, 421 F.3d 278, 285-87 (4th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1005 (2006); <u>see also</u> <u>Shepard v. United States</u>, 544 U.S. 13, 25 (2005). Therefore, we find that Kpa's claims are meritless.

Accordingly, we affirm Kpa's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>