**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4470**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JASON BROCK SPENCER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (4:11-cr-00099-H-1)

Submitted: April 5, 2013          Decided: April 10, 2013

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

C. Scott Holmes, BROCK, PAYNE & MEECE, P.A., Durham, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Brock Spencer appeals the district court's judgment imposing a 216-month sentence following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and statutory sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006). On appeal, Spencer argues that the sentence imposed for his § 922(g) conviction[*] and ACCA enhancement violates the constitutional prohibition against double jeopardy. We affirm.

Because Spencer did not raise this challenge in the district court, our review is for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Spencer must demonstrate that 1) there was error, 2) the error was plain, and 3) the error affected his substantial rights. Olano, 507 U.S. at 732.

Spencer's arguments are foreclosed by Supreme Court and circuit precedent. We previously have concluded that the ACCA does not violate the Double Jeopardy Clause and affirmed a criminal judgment where both the § 922(g) conviction and the

---

[*] Insofar as Spencer fairly contends that § 922(g)(1) itself violates the Double Jeopardy Clause, we conclude that his argument is unavailing under the principles established in Blockburger v. United States, 284 U.S. 299, 304 (1932).

§ 924(e) enhancement relied on the same prior felonies.  See United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995). Further, the fact of a prior conviction need not be proven beyond a reasonable doubt.  See Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir. 2005) (reaffirming continued validity of Almendarez-Torres following United States v. Booker, 543 U.S. 220 (2005)).  This court may not overrule or ignore Supreme Court precedent.  Cheek, 415 F.3d at 353.  Nor may a panel of this court overrule precedent set by another panel.  United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010).

Because Spencer demonstrates no error in his conviction or sentence, plain or otherwise, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED